**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01707-KAS

KOSHER EATS LLC,
EMERALD CONSULTING PARTNERS LLC,
ABBSON LLC,
MSC COMPANIES, LLC, and
HOMEPEOPLE CORPORATION,

      Plaintiffs,

vs.

MESSNER REEVES LLP,
DANIEL CHARTRAW,
TODD OWEN, and
CLEARWATER PREMIERE PERPETUAL MASTER LLC,

      Defendants.

---

**[PROPOSED] ORDER**

---

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction Regarding Funds Escrowed with Defendant Messner Reeves LLP (the "**Motion**"). Defendant Messner Reeves LLP filed a **Response** in opposition to the Motion, and Plaintiffs filed a **Reply**. The Court has reviewed the briefs, the supporting declarations and exhibits, the entire case file, and the applicable law. For the following reasons, the Motion is GRANTED.

**I. Background**

Plaintiffs allege that they deposited $8,345,000 into a COLTAF trust account maintained by Defendant Messner Reeves LLP ("Messner") in connection with Business Expansion Line of Credit agreements. Plaintiffs further allege that the deposits were Interest Control Account deposits

that were to remain in Messner's sole possession and control during the pre-funding period unless and until the loans funded.

Plaintiffs allege that no Plaintiff received loan funding and that no Plaintiff received the return of its ICA deposit. Plaintiffs further allege, based on bank records submitted with the Motion, that Messner transferred funds out of the COLTAF account to various third parties and also transferred $329,540.77 from the COLTAF account into another account in the name of Messner Reeves LLP. Plaintiffs identify two internal transfers: a May 3, 2023 transfer in the amount of $300,590.77 and a June 27, 2023 transfer in the amount of $28,950.

Through the Motion, Plaintiffs do not seek a general freeze of Messner's assets. Plaintiffs seek relief directed to the $329,540.77 internal transfer, any funds or proceeds traceable to Plaintiffs' deposits that were later returned, refunded, repaid, credited, reimbursed, reversed, clawed back, held pursuant to a joint venture involving Messner, or otherwise received by Messner or persons acting with Messner, and records necessary to account for those funds.

## II. Legal Standard

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Federal Rule of Civil Procedure 65(d) requires that every injunction state the reasons why it issued, state its terms specifically, and describe in reasonable detail the acts restrained or required. Fed. R. Civ. P. 65(d)(1). Rule 65(c) provides that a court may issue a preliminary injunction only if the movant gives security "in an amount that the court considers proper." Fed.

R. Civ. P. 65(c). The Court has discretion to set the amount of security based on the circumstances of the case. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009).

### III. Analysis

#### A. Likelihood of Success

The Court finds that Plaintiffs have shown a likelihood of success on claims and remedies supporting equitable relief concerning escrow funds, trust-account funds, traceable proceeds, accounting, constructive trust, and equitable lien.

Plaintiffs submitted evidence that they deposited $8,345,000 into Messner's COLTAF trust account. Plaintiffs also submitted evidence that no Plaintiff received loan funding and that no Plaintiff received the return of its ICA deposit. Plaintiffs further submitted evidence that Messner transferred $329,540.77 from the COLTAF trust account into another account in the name of Messner Reeves LLP.

The Court finds that Plaintiffs have shown a sufficient nexus between the requested relief and the specific funds and proceeds at issue. Plaintiffs seek court control over the $329,540.77 internal transfer and any funds or proceeds traceable to Plaintiffs' deposits that were later returned to or received by Messner or persons acting with Messner. This is not a request to freeze Messner's general assets to secure a future money judgment.

#### B. Irreparable Harm

The Court finds that Plaintiffs have shown a likelihood of irreparable harm absent preliminary relief.

The record shows that Plaintiffs seek preservation of, and an accounting for, specific trust-account funds and traceable proceeds. The record further shows that Plaintiffs seek the current location, authority, purpose, approval, and later disposition of the $329,540.77 internal transfer

from the COLTAF account to another Messner account. The loss, dissipation, concealment, or further transfer of identifiable trust-account funds or traceable proceeds would threaten Plaintiffs' ability to obtain equitable remedies, including accounting, constructive trust, and equitable lien.

Plaintiffs also submitted declarations concerning business harm arising from the loss of the ICA deposits. The Court finds that the requested relief is necessary to preserve the equitable res and prevent further irreparable harm while this case proceeds.

### C. Balance of Equities

The balance of equities favors preliminary relief.

Plaintiffs seek preservation and accounting of money deposited into a law firm trust account. Messner has not shown a legitimate interest in refusing to account for the $329,540.77 internal transfer, refusing to disclose whether any portion of Plaintiffs' funds returned to Messner or persons acting with Messner, or refusing to preserve traceable proceeds.

The requested injunction is narrow. It is directed to specifically identified funds, traceable proceeds, returned funds, and related records. It does not prevent Messner from conducting ordinary business with assets unrelated to Plaintiffs' ICA deposits.

### D. Public Interest

The public interest favors preliminary relief.

The public has an interest in the integrity of law firm trust accounts, escrow arrangements, and accounting for funds received into attorney trust accounts. The public also has an interest in preserving specifically identified funds and proceeds that are claimed to be escrow funds, trust-account funds, or traceable proceeds.

E. Security

4

The Court sets security under Rule 65(c) at $0.00. The relief ordered below is limited to preservation, accounting, and registry deposit of specifically identified trust-account funds, traceable proceeds, returned funds, and related records. Messner has not shown that it will suffer compensable harm from being required to deposit, account for, and preserve funds and proceeds that Plaintiffs claim are traceable to their ICA deposits.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction Regarding Funds Escrowed with Defendant Messner Reeves LLP is GRANTED.

IT IS FURTHER ORDERED that, no later than three business days after entry of this Order, Messner Reeves LLP shall deposit $329,540.77 into the registry of the Court.

IT IS FURTHER ORDERED that, no later than three business days after making the deposit, Messner Reeves LLP shall file a notice confirming the deposit.

IT IS FURTHER ORDERED that, no later than seven calendar days after entry of this Order, Messner Reeves LLP shall file and serve a verified accounting for the $329,540.77 internal transfer from the COLTAF trust account to another Messner account.

IT IS FURTHER ORDERED that the verified accounting shall identify, at minimum: (1) the date of each internal transfer; (2) the amount of each internal transfer; (3) the sending account; (4) the recipient account; (5) the owner of the recipient account; (6) the stated purpose of each transfer; (7) the person who requested each transfer; (8) the person who approved each transfer; (9) the person who processed each transfer; (10) any document Messner contends authorized each transfer; (11) the current location of the transferred funds or proceeds; (12) each later transfer, payment, credit, reimbursement, repayment, refund, reversal, or other disposition of the transferred

funds or proceeds; (13) each person or entity that received any portion of the transferred funds or proceeds; and (14) all documents supporting the accounting.

IT IS FURTHER ORDERED that, no later than seven calendar days after entry of this Order, Messner Reeves LLP shall file and serve a verified disclosure stating whether any portion of Plaintiffs' $8,345,000 was ever returned, refunded, repaid, credited, reimbursed, reversed, clawed back, held pursuant to a joint venture involving Messner, or otherwise received by: (1) Messner Reeves LLP; (2) any Messner Reeves LLP account; (3) any Messner Reeves LLP affiliate; (4) any Messner Reeves LLP lawyer; (5) any lawyer acting with Messner Reeves LLP; or (6) any person acting on behalf of Messner Reeves LLP.

IT IS FURTHER ORDERED that, if any portion of Plaintiffs' $8,345,000 was returned, refunded, repaid, credited, reimbursed, reversed, clawed back, held pursuant to a joint venture involving Messner, or otherwise received by any person or entity identified above, Messner Reeves LLP shall identify: (1) the amount received; (2) the date received; (3) the source of the funds; (4) the account into which the funds were received; (5) the current location of the funds or proceeds; (6) each later transfer or disposition of the funds or proceeds; and (7) all documents supporting the disclosure.

IT IS FURTHER ORDERED that any funds, proceeds, credits, reimbursements, repayments, refunds, reversals, clawbacks, or other returned funds identified under this Order shall be preserved and deposited into the registry of the Court unless the Court orders otherwise.

IT IS FURTHER ORDERED that Messner Reeves LLP, and all persons bound by Federal Rule of Civil Procedure 65(d)(2), are restrained and enjoined from transferring, dissipating, disposing of, encumbering, concealing, converting, spending, pledging, or otherwise impairing

any funds or proceeds traceable to Plaintiffs' ICA deposits that are within their possession, custody, or control.

IT IS FURTHER ORDERED that Messner Reeves LLP shall preserve all documents, communications, electronically stored information, bank records, ledgers, trust-account records, accounting records, engagement records, privilege logs, insurance records, receivables, repayment rights, indemnity rights, claims, and records of proceeds relating to Plaintiffs' ICA deposits, the $329,540.77 internal transfer, any returned funds, and any traceable proceeds.

IT IS FURTHER ORDERED that, to the extent Messner Reeves LLP contends that any required accounting or disclosure requires restricted filing because of account numbers, private financial information, or other sensitive information, Messner Reeves LLP shall file a public version redacting only the sensitive information and shall file an unredacted restricted version under the applicable rules of this Court.

IT IS FURTHER ORDERED that, to the extent Messner Reeves LLP contends that it cannot deposit all or any portion of the $329,540.77 because the funds are no longer within its possession, custody, or control, Messner Reeves LLP shall still comply with the accounting requirements in this Order and shall identify under oath the full path, current location, and later disposition of the funds and proceeds.

IT IS FURTHER ORDERED that, if Messner Reeves LLP fails to comply with this Order, Plaintiffs may seek further relief, including contempt sanctions, additional preservation orders, supplemental accounting relief, or expedited discovery.

IT IS FURTHER ORDERED that security under Federal Rule of Civil Procedure 65(c) is set at $0.00.

IT IS FURTHER ORDERED that Plaintiffs' request for oral argument and an evidentiary hearing is GRANTED to the extent the Court determines that such proceedings are necessary after reviewing the parties' filings and compliance with this Order.

DONE AND ORDERED this ___ day of _____, 2026.

BY THE COURT:

_____
Kathryn A. Starnella
United States Magistrate Judge