**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01707-KAS

KOSHER EATS LLC,
EMERALD CONSULTING PARTNERS LLC,
ABBSON LLC,
MSC COMPANIES, LLC, and
HOMEPEOPLE CORPORATION,

      Plaintiffs,

v.

MESSNER REEVES LLP,
DANIEL CHARTRAW,
TODD OWEN, and
CLEARWATER PREMIERE PERPETUAL MASTER LLC,

      Defendants.

---

**DEFENDANT MESSNER REEVES LLP'S MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

---

Defendant Messner Reeves LLP ("Messner Reeves" or "Messner"), by counsel, respectfully moves the Court to transfer this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). In support, Messner Reeves states as follows:

**Conferral**: Pursuant to D.C.COLO.LCivR 7.1 and the Court's Practice Standards, undersigned counsel certifies they conferred with Plaintiffs' counsel regarding the relief sought by this Motion. Plaintiffs oppose the relief requested in this Motion.

## I.    INTRODUCTION.

This case should be transferred to the District of Utah under 28 U.S.C. § 1404(a). Before initiating this lawsuit, the same five Plaintiffs chose that forum in July 2024 and litigated substantially the same claims there. The Utah court dismissed those claims with prejudice, the

Tenth Circuit affirmed, and related proceedings remain pending. *See Defendant Messner Reeves LLP's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b)*, filed contemporaneously herewith ("Motion to Dismiss"), Exs. A–F, which concern Kosher Eats LLC v. Welch, No. 2:24-cv-00520-DBB-DBP (D. Utah) (the "Utah Action"). Eight days after the Tenth Circuit affirmed the District Court of Utah's dismissal, Plaintiffs filed this action in Colorado. Although the Complaint adds defendants and repackages the alleged enterprise, it arises from the same alleged losses and rests on the same underlying transactions.

The § 1404(a) factors strongly favor returning the case to the forum Plaintiffs selected first. Plaintiffs' choice of Colorado is entitled to little deference because no Plaintiff resides here. Nor is Colorado the center of the alleged conduct. Plaintiffs instead rely primarily on Messner Reeves' presence in Colorado and the existence of a Colorado trust account. But Plaintiffs' own allegations describe a dispute spanning multiple states and involving parties, witnesses, and events connected to Florida, New York, Utah, California, Wyoming, Nevada, Georgia, and Colorado. *Compl.* ¶¶ 40–48. The relevant witnesses are dispersed, the key evidence is largely documentary, and Colorado offers no meaningful convenience advantage over Utah.

The interests of justice weigh even more heavily in favor of transfer. The District of Utah has already devoted substantial judicial resources to this dispute and has been presiding over the case for almost two years. The District of Utah is already familiar with the factual allegations, the procedural history, and the issues that frame this second federal action. Keeping the case in Colorado would require this Court to become familiar with that same record and address questions that are closely intertwined with the Utah proceedings, including the effect of the Utah judgment and Plaintiffs' attempt to pursue a revised RICO theory based on the same alleged losses. Transfer avoids unnecessary duplication and promotes consistent treatment of issues arising from the prior

federal action.

The first-filed rule reinforces the same conclusion. Plaintiffs filed first in Utah, litigated there through final judgment and appeal, and now seek to continue substantially the same controversy in a different federal court, while the Utah Action remains open on sanctions- and fee-related issues. The principles underlying both the first-filed rule and § 1404(a)—judicial economy, consistency, comity, and the avoidance of duplicative litigation—favor returning this dispute to the district that has already handled it. Because the convenience factors do not favor Colorado and the interests of justice strongly favor Utah, the Court should transfer this action to the District of Utah.

## II.    FACTUAL BACKGROUND[1].

Messner Reeves incorporates by reference the factual background set forth in its contemporaneously filed Motion to Dismiss and summarizes the facts necessary to resolve this Motion to Transfer.

On July 25, 2024, Plaintiffs Kosher Eats LLC, Emerald Consulting Partners LLC, Abbson LLC, MSC Companies LLC, and HomePeople Corporation filed an action in the District of Utah, *Kosher Eats LLC v. Welch*, No. 2:24-cv-00520-DBB-DBP (the "Utah Action"; the complaint is attached to Messner's Motion to Dismiss). The Utah Action named Messner Reeves LLP, Torben Welch, Jake Brigham, and current or former Messner Reeves lawyers as defendants. Plaintiffs asserted RICO and RICO-conspiracy claims arising from alleged Business Expansion Line of

---

[1] Messner Reeves requests that the Court take judicial notice of the public filings and docket entries from *Kosher Eats LLC et al. v. Welch et al.*, No. 2:24-cv-00520-DBB-DBP (D. Utah), and *Kosher Eats LLC et al. v. Welch et al.*, No. 25-4062 (10th Cir.). These records are proper subjects of judicial notice because they are public court records whose existence and procedural effect can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020).

Credit ("BELOC") transactions. In substance, Plaintiffs alleged they were induced to wire Interest Control Account deposits into Messner Reeves' Northern Trust COLTAF account, the deposits were to remain in Messner Reeves' possession and control, the loans were not funded, and the deposits were not returned. *See Motion to Dismiss*, Exs. A–B. Plaintiffs later amended their pleading and identified an alleged "Messner General Partnership" as a RICO enterprise. *Id*.

The Utah court dismissed Plaintiffs' RICO and RICO-conspiracy claims with prejudice on May 6, 2025, declined supplemental jurisdiction over the remaining state-law claims, and retained jurisdiction over sanctions-related issues. *See Motion to Dismiss*, Ex. C. Plaintiffs appealed, and the Tenth Circuit affirmed the dismissal on April 13, 2026. *Id.*, Ex. E.  The mandate issued on May 5, 2026. *Id.*, Ex. F. The Utah Action is currently pending on Rule 11 issues. On June 4, 2026, in the Utah Action, Messner Reeves filed Renewed Motion for Attorneys' Fees.

On April 21, 2026, eight days after the Tenth Circuit affirmed the Utah dismissal, the same five Plaintiffs filed this action in the District of Colorado. *Compl*. at 1. Plaintiffs again invoke federal-question jurisdiction under RICO and supplemental jurisdiction under 28 U.S.C. § 1367. *Compl*. ¶¶ 49–50. They again name Messner Reeves LLP and add Daniel Chartraw, Todd Owen, and Clearwater Premiere Perpetual Master LLC as defendants. *Id*. at 1. The Complaint again seeks RICO recovery for the alleged loss of Plaintiffs' BELOC escrow deposits, relying on the same alleged ICA deposits, the same alleged failure to fund loans, the same alleged non-return of deposits, and the same alleged RICO injury. *Compare Motion to Dismiss*, Ex. B, *with Compl*. ¶¶ 53–55, 346–72. The principal difference is that Plaintiffs now abandon the "Messner General Partnership" enterprise theory rejected in Utah and plead a new association-in-fact "BELOC Enterprise." *Compl*. ¶¶ 75, 347–52. Therefore, this case is the second federal action filed by the same Plaintiffs concerning the same BELOC escrow-deposit dispute.

### III.    LEGAL STANDARD.

Section 1404(a) authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the action "might have been brought" or to which all parties consent. 28 U.S.C. § 1404(a). The statute gives district courts discretion to decide transfer motions through an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991). The moving party bears the burden of showing that transfer is warranted. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Courts enjoy ***greater discretion*** to transfer a cause pursuant to § 1404(a) than to dismiss the action based upon forum non conveniens. *Chrysler Credit Corp.*, 928 F.2d at 1515 (citation omitted) (emphasis added).

> In deciding whether that burden is met, courts consider various factors, including,
>
> the plaintiff's choice of forum; the accessibility of witnesses … the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit*, 928 F.2d at 1516).

Although a plaintiff's choice of forum is ordinarily entitled to deference, that deference is reduced when the plaintiff does not reside in the chosen forum or when the operative facts have limited connection to that forum. *Id.* at 1167–68. Courts recognize that judicial economy and the avoidance of duplicative litigation are proper practical considerations under § 1404(a). *See Dumanian v. Schwartz*, No. 20-cv-01800-PAB-MEH, 2021 WL 1210033, at *2, *5 (D. Colo. Mar.

31, 2021); *Hubbard v. Argent Mortg. Co., LLC*, No. 15-cv-02375-WJM-CBS, 2016 WL 4537869, at *5–6 (D. Colo. Aug. 31, 2016).

Related first-filed principles reinforce this analysis. The first-to-file doctrine applies when two federal district courts have jurisdiction over the same controversy and gives priority to the first-filed action. *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018); *Crocs, Inc. v. Cheng's Enters.*, Inc., No. 06-cv-00605-PAB-KMT, 2015 WL 5547389, at *3 (D. Colo. Sept. 21, 2015). The doctrine rests on "principles of comity and sound judicial administration" and is designed to avoid duplicative litigation, conflicting rulings, and piecemeal adjudication. *Id.*; *see also Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, No. 12-cv-00369-LTB, 2012 WL 1439243, at *2 (D. Colo. Apr. 26, 2012). The second-filed court has discretion to stay, dismiss, or transfer the action for efficiency and judicial economy. *Crocs, Inc.*, 2015 WL 5547389, at *3.

The first-filed analysis focuses on "(1) the chronology of events; (2) the similarity of parties; and (3) the similarity of issues." *Id*. The parties and issues need not be identical; substantial overlap is enough where the cases seek similar relief and turn on the same factual and legal questions. *Id*.; *Hubbard*, 2016 WL 4537869, at *5.

## IV.    ARGUMENT.

### A. The § 1404(a) Factors Strongly Favor Transfer.

#### 1) Plaintiffs' Choice of Forum.

Plaintiffs' choice of forum ordinarily receives weight in the § 1404(a) analysis, but that deference is reduced when the plaintiff does not reside in the chosen district or when the operative facts have limited connection to that forum. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167–68. Both considerations apply here.

6

First, no Plaintiff is alleged to be a Colorado citizen or to maintain its principal place of business in Colorado. Kosher Eats is a Florida LLC. Emerald is a Florida LLC with members in Florida, New Jersey, and New York. Abbson is a single member New York LLC whose member is a citizen of New York.  MSC is a Utah LLC. HomePeople is a New York corporation with its principal place of business in New York. *Compl.* ¶¶ 40–44. Colorado therefore is not Plaintiffs' home forum. Their selection of this District is a litigation choice made by non-Colorado Plaintiffs, not the ordinary selection of a forum where the plaintiffs live or suffered a localized injury.

The Complaint's Colorado allegations do not justify full deference. Plaintiffs identify Colorado venue based on Messner's residence and the Northern Trust COLTAF account. *Compl.* ¶ 51. Those allegations give Plaintiffs a minor connection, but they do not make Colorado the practical center of this dispute. Plaintiffs' own pleading describes a multistate controversy involving non-Colorado Plaintiffs, California individual defendants, a Wyoming entity, a Nevada development project, alleged Nevada zoning proceedings, and communications and fund movements across several states. *Compl.* ¶¶ 40–48, 92–126, 212–41. The Colorado trust account is merely one alleged instrumentality of the broader BELOC dispute.

Plaintiffs' selection of Colorado is forum shopping, not a legitimate preference for a convenient forum. The same five Plaintiffs first chose the District of Utah as the federal forum for this BELOC/RICO dispute. There, they asserted RICO claims arising from the same BELOC escrow-deposit transactions, litigated those claims through dismissal with prejudice, and appealed to the Tenth Circuit. *See Mot. to Dismiss*, Exs. A–F. Eight days after the Tenth Circuit affirmed the dismissal, Plaintiffs filed this action in Colorado while the Utah Action remained pending on fee-related issues. *Mot. to Dismiss*, Ex. E at 15. Colorado was not Plaintiffs' first chosen forum for this dispute; it became their next forum only after the District of Utah and the Tenth Circuit rejected

their prior RICO theory arising from the same BELOC transactions.

That procedural history substantially reduces, if not eliminates, the deference otherwise owed to Plaintiffs' choice. Courts applying § 1404(a) and related first-filed principles look past formal pleading differences when a later-filed case substantially overlaps with earlier litigation and appears designed to obtain a different forum for the same core dispute. *See Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, No. 12-cv-00369-LTB, 2012 WL 1439243, at *3–4 (D. Colo. Apr. 26, 2012) (transferring later-filed Colorado action where the commonalities with the earlier action "dwarf[ed] the disparities" and the later filing appeared to be a "preemptive strike" for a preferred forum); *Hubbard v. Argent Mortg. Co., LLC*, No. 15-cv-02375-WJM-CBS, 2016 WL 4537869, at *5–6 (D. Colo. Aug. 31, 2016) (transferring later-filed Colorado actions where judicial economy and consistency were better served by transfer to the forum handling the overlapping dispute); *Brannon v. Express Scripts Holding Co.*, No. 17-2497-DDC-TJJ, 2018 WL 263237, at *8–9 (D. Kan. Jan. 2, 2018) (giving little weight to plaintiffs' forum choice where no named plaintiff resided in the chosen forum and the complaint alleged no meaningful connection to that forum). The same reasoning applies here. Plaintiffs should not receive full deference for selecting Colorado only after the District of Utah and the Tenth Circuit rejected their prior RICO theory arising from the same BELOC transactions.

This factor therefore favors transfer. At a minimum, Plaintiffs' choice of Colorado should receive little weight in the broader § 1404(a) balance.

### 2) Accessibility of Witnesses and Sources of Proof.

This factor favors transferring the case back to Utah. The Tenth Circuit requires a party relying on witness inconvenience to identify the witnesses, their locations, the materiality of their testimony, and any need for compulsory process. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169; *Scheidt*,

956 F.2d at 966. Messner Reeves does not contend that transfer turns on shifting a concentrated group of local witnesses from Colorado to Utah. The Complaint itself pleads a multistate dispute, with one key alleged actor, Welch, based in Messner Reeves' Salt Lake City office. *Compl*. ¶¶ 40–48, 219. The remaining alleged participants are dispersed across several states, including California, Wyoming, Nevada, Florida, and Georgia. *Id*. ¶¶ 46–48, 72–73, 195–211, 242–50. On Plaintiffs' own allegations, Colorado has no meaningful witness-access advantage over Utah.

The sources of proof likewise do not make Colorado materially more convenient. Plaintiffs rely on the Colorado COLTAF account as their principal Colorado venue hook, but bank and related records are readily producible electronically and do not require litigation in the district where the account was maintained. *Compl*. ¶ 51. The Utah Action and Tenth Circuit appeal, by contrast, are central to the threshold issues in this case, including claim preclusion, duplicative litigation, and Plaintiffs' attempt to replead the same BELOC/RICO dispute in another forum. Those records have already been developed in Utah, and the District of Utah is already familiar with them. This factor therefore presents no obstacle to transfer.

### 3) Cost of Making Necessary Proof.

This factor favors transfer because the relevant cost centers on the needless duplication of proof and motion practice already developed in the Utah Action. The Tenth Circuit requires more than a generalized assertion that one forum will be less expensive than another. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. The record supplies the cost. Plaintiffs already litigated this dispute in Utah, where the case proceeded through multiple pleadings, dismissal with prejudice, post-judgment proceedings, and an appeal. *See Motion to Dismiss*, Exs. A–F. Although the Colorado Complaint expands the allegations and names additional defendants, it seeks recovery for the same alleged loss arising from the same BELOC escrow-deposit transactions that were at issue in Utah.

*Compare Motion to Dismiss, Ex. B, with Compl.* ¶¶ 53–55, 346–72. New defendants and additional factual detail do not change the central proof needed to evaluate Plaintiffs' threshold RICO theory or Messner Reeves' defenses.

Keeping the case in Colorado would require Messner Reeves to reconstruct, and this Court to absorb for the first time, the Utah pleadings, rulings, and procedural history that frame this case. After choosing Utah and losing there, Plaintiffs should not be permitted to impose the same proof-related burden in a new forum. Transfer would avoid that duplication and return the dispute to the court already familiar with the record Plaintiffs created. This factor therefore favors transfer.

### 4) Congested Dockets and Judicial Efficiency.

This factor favors transfer. Courts evaluating docket congestion consider median disposition time, median filing-to-trial time, pending cases per judge, and weighted filings per judge. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169; *REO Sales, Inc. v. Prudential Ins. Co. of Am.*, 925 F. Supp. 1491, 1495 n.3 (D. Colo. 1996). The 2025 caseload statistics show that Colorado carries the heavier per-judgeship workload. *See* Def. Ex. A. Colorado had 682 filings per judgeship, 602 civil filings per judgeship, 650 pending cases per judgeship, and 719 weighted filings per judgeship. *Id.* at 79. Utah's corresponding figures are lower across the board. *Id.* at 85. Colorado reports shorter median civil disposition and filing-to-trial times, so the docket statistics are not uniform. But the workload measures favor Utah, and in this case generalized docket speed is less important than the efficiency gained by returning the dispute to the court already familiar with it.

Further, as analyzed above, the District of Utah has already presided over Plaintiffs' prior federal RICO action arising from the same BELOC escrow-deposit transactions for *nearly two years*. *Supra.* If this case remains in Colorado, this Court would have to work through the Utah record for the first time and decide threshold issues tied directly to that prior litigation, including

the scope and effect of the Utah judgment and Plaintiffs' attempt to pursue a repleaded RICO theory based on the same alleged deposit losses. Transferring the case would avoid that duplication, promote consistent treatment of the Utah judgment, and place the dispute before the court already familiar with the procedural history that frames it. *See Dumanian*, 2021 WL 1210033, at *2, *5; *Hubbard*, 2016 WL 4537869, at *5–6. This factor favors transfer.

    **5) Remaining Factors.**

The remaining factors are neutral. Enforceability of judgment, relative advantages or obstacles to a fair trial, conflict-of-law concerns, and local-law considerations do not materially affect the transfer analysis. This case invokes federal-question jurisdiction based on Plaintiffs' RICO claims, and the threshold issues are federal: venue, duplicative litigation, judicial economy, and the effect of prior federal proceedings in Utah. The state-law claims are before the Court, if at all, only through supplemental jurisdiction under 28 U.S.C. § 1367, not diversity jurisdiction. To the extent Colorado law applies to any supplemental claim, the District of Utah is capable of applying it after transfer. *See Chrysler Credit Corp.*, 928 F.2d at 1515–16.

With those residual factors neutral, the material factors weigh heavily in favor of transfer. Plaintiffs' choice of Colorado deserves little deference, the cost and inefficiency of recreating the Utah record in this Court favor transfer, and judicial economy weighs heavily in favor of returning this dispute to the district that already handled the substantially overlapping BELOC/RICO litigation. Plaintiffs selected Utah first, litigated their RICO theory through dismissal and appeal, and now seek to restart the same core controversy in Colorado. Section 1404(a) exists to avoid such unnecessary duplication. On balance, the relevant factors strongly favor transfer to the District of Utah.

    **B. First-Filed Principles Support Transfer Because the Utah Action Was the First Federal Action Concerning This Dispute, Which Is Still Open.**

11

First-filed principles further support transfer. The rule is designed to promote comity, conserve judicial resources, avoid duplicative litigation, and reduce the risk of inconsistent rulings between federal courts of coordinate jurisdiction. See *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477, 1999 WL 682883, at *3 (10th Cir. 1999); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). In applying the rule, courts consider the chronology of the actions, the similarity of the parties, and the similarity of the issues or claims. *Wakaya*, 910 F.3d at 1124. The rule's underlying considerations reinforce transfer under § 1404(a)'s interest-of-justice analysis.

First, the chronology strongly favors Utah. Plaintiffs chose that district as their original federal forum and pursued their BELOC/RICO claims. The merits have been resolved, and the Utah Action remains open because attorneys' fees issues are still pending. *See Mot. to Dismiss*, Exs. A–F.

Second, the overlap between the two actions is substantial. At bottom, both lawsuits stem from the same alleged BELOC escrow-deposit transactions and seek recovery for the same alleged loss. The same Plaintiffs contend that deposits were placed into ICA accounts, loans were never funded, and the deposits were not returned, resulting in a purported RICO injury. *Compare Mot. to Dismiss, Ex. B, with Compl*. ¶¶ 53–55, 346–72. Although Plaintiffs have expanded their allegations and named additional defendants, the dispute remains centered on the same underlying events and the same alleged misconduct that formed the basis of the Utah Action. Whether the Utah judgment ultimately bars some or all of Plaintiffs' claims is a separate issue addressed in the Motion to Dismiss. For present purposes, it is enough that Plaintiffs have initiated a second federal lawsuit concerning a controversy already litigated in their first-selected forum, where related proceedings remain ongoing. In these circumstances, the considerations underlying the first-filed

rule favor having the dispute proceed in Utah and further support transfer under § 1404(a).

## V.    CONCLUSION.

WHEREFORE, Defendant Messner Reeves LLP respectfully requests that the Court enter an order transferring this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a), and granting such other and further relief as the Court deems just and proper.

DATED this 25th of June 2026.

*s/ Troy R. Rackham*
Troy R. Rackham
Keith A Call
**SPENCER FANE LLP**
John M. Palmeri
**GORDON REES SCULLY MANSUKHANI**

*Counsel For Defendant Messner Reeves LLP*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 25,2026, a true and correct copy of the foregoing was served via the Court's CM/ECF upon the following:

Kenneth E. Chase
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
kchase@chaselaw.com


 /s/Jessica Kallweit
Legal Assistant