EXHIBIT
E

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

KOSHER EATS LLC, a Florida limited
liability company; EMERALD
CONSULTING PARTNERS LLC, a
Florida limited liability company;
ABBSON LLC, a New York limited
liability company; MSC COMPANIES,
LLC, a Utah limited liability company;
HOMEPEOPLE CORPORATION, a New
York corporation,

      Plaintiffs - Appellants,

v.

TORBEN WELCH, an individual;
CALEB MEYER, an individual;
MICHELLE HARDEN, an individual;
RENNE FINCH, an individual; DAVID
REEVES, an individual; BENJAMIN
TIETGEN, an individual; DARREN
ALBERTI, an individual; KATE BAILEY,
an individual; BRENDA BARTELS, an
individual; ALEX BELTZ, an individual;
AMBER BLASINGAME, an individual;
BRETT BOON, an individual; VALERIE
BROMLEY, an individual; EDGAR
CARRANZA, an individual; KATHLEEN
CARTER, an individual; CYNTHIA
CARUCCI, an individual; CHARLES
CAVANAGH, an individual; LAURA
CHARTRAND, an individual; GREGORY
COHEN, an individual; KIMBERLEY
CRONIN, an individual; ISAAC CRUM;
ERICA DEATHERAGE, an individual;
MATTHEW DEENIHAN, an individual;
ALLISON DODD, an individual;
BRIEANNA DOLMAGE, an individual;
PATRICK DRAKE, an individual; R.J.

No. 25-4062
(D.C. No. 2:24-CV-00520-DBB)
(D. Utah)

ERTMER; RACHEL FARR, an individual; MARY BRYNE FLETCHER, an individual; AUSTIN GEMMELL, an individual; MATTHEW GEORGE, an individual; DEANNA GILBERTSON, an individual; MARGARET GRAY; SCOTT HAWRANEK, an individual; ANDREW HOLLINS, an individual; AMY HUFF, an individual; CRAIG HUMPHREY, an individual; MATT JEDRZEJEK, an individual; MACLAIN JOYCE, an individual; IDIN KASHEFIPOUR, an individual; DARA KELLER, an individual; DANIEL KLETT, an individual; STEVEN KNAUSS, an individual; MARJORIE KRATSAS, an individual; JASON MARTINEZ, an individual; BRYANT MESSNER, an individual; IAN MITCHELL, an individual; SCOTT MONROE, an individual; SIMONE MONTOYA, an individual; BRUCE MONTOYA, an individual; KATHLEEN MOWRY, an individual; CHRISTINA MUNDY, an individual; ANN NGUYEN, an individual; KATHERINE OTTO, an individual; JONATHAN OWENS, an individual; JULIAN PARDO DE ZELA, an individual; FRANK PERRETTA, an individual; PETER PIERCE, an individual; WILLIAM RANDALL, an individual; RICHARD REICE, an individual; ADAM ROYVAL, an individual; HEATHER SALG, an individual; EDWIN SCHWARTZ, an individual; MIKHAIL SHAH, an individual; GREG SITRICK, an individual; ROWAN SMITH, an individual; AARON SOLEIMANI; HEATHER STERN, an individual; JOHN STEVENS, an individual; DEANNE STODDEN, an individual; MATTHEW SULLIVAN, an individual; JENNY THORNTON, an individual; WADE WARTHEN, an individual; ANDREW

2

WELCH; KARIE WILSON, an individual;
DOUGLAS WOLANSKE, an individual;
JON ZIMMERMAN, an individual; JAKE
BRIGHAM, an individual; MESSNER
REEVES LLP, a Colorado partnership;
MESSNER GENERAL PARTNERSHIP,

       Defendants - Appellees.

---

### ORDER AND JUDGMENT[*]

---

Before **EID** and **MURPHY**, Circuit Judges, and **TEETER**,[**] District Judge.

---

This case arises from an alleged loan scam. Plaintiffs are borrowers and sent escrow deposits for loans that never funded. The alleged orchestrator of the scam is Torben Welch, who is an attorney in the law firm of Messner Reeves LLP. Plaintiffs deposited the escrow funds in Messner Reeves LLP's trust account.

Plaintiffs sued Welch, Messner Reeves LLP, 76 current and former law partners in Messner Reeves LLP, and one associate of the law firm for RICO violations and various state-law claims. Plaintiffs allege that Welch and the 76 other attorneys formed an unincorporated Colorado general partnership (the "Messner General Partnership" or "MGP"), which is alleged to be the RICO enterprise. The MGP is also a named defendant.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Holly L. Teeter, U.S. District Judge, District of Kansas, sitting by designation.

The district court found Plaintiffs had not plausibly alleged the existence of the MGP and dismissed it, along with the 76 individual attorneys whose liability was based only on membership in the MGP. The district court also dismissed both RICO claims because Plaintiffs failed to plausibly allege the existence of a RICO enterprise (the MGP). The district court declined supplemental jurisdiction over the remaining state-law claims and dismissed the case.

We affirm. We hold that Plaintiffs failed to plead facts that would push the existence of the MGP across the line from possible to plausible. Without the MGP, Plaintiffs' claims against the 76 individual attorneys, as well as the RICO claims against all parties, fail to state a claim.

## I.

The following factual allegations are taken from Plaintiffs' operative complaint and are accepted as true for purposes of analyzing the district court's dismissal of the case under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

INBE Capital Group, LLC formed on September 26, 2022, and has no assets or funding. Despite knowing INBE was insolvent, Welch drafted fraudulent Business Expansion Line of Credit Agreements ("BELOC") for INBE. The BELOC agreements misled borrowers into believing they could receive millions of dollars in interest-only loans with no principal repayment for ten years, without any guarantee, collateral, credit check, or underwriting. Borrowers also believed the loans would fund within 90 days of a deposit in the Messner Reeves LLP trust account. The terms

of the BELOC agreements induced Plaintiffs to transfer funds on the belief the funds would remain with and be protected in the hands of Messner Reeves LLP. But Plaintiffs neither received the promised loans nor had the deposits returned. Rather, the funds were transferred into a different account.

The law firm of Messner Reeves LLP is a Colorado limited liability partnership with 11 partners, all of which are professional corporations. Neither Welch nor the 76 other named individual attorneys are officially partners in Messner Reeves LLP. But they often held themselves out as "partners" in the law firm, including in marketing emails and on Messner Reeves LLP's website. In doing so, they "sought to benefit and profit from using the title 'partner' in conducting a joint venture law firm for profit." App. Vol. I, at 28.

Relying heavily on the individuals' use of the term "partner," Plaintiffs allege the individual attorneys formed the MGP as their own unincorporated general partnership to operate the law firm. The individuals contributed to the law firm's operation and management. They "shared office space, operated within organized practice groups, pooled resources for administrative support, collectively used electronic file systems, and divided responsibilities among themselves for marketing, client matters, case management, and carrying on the functions of a law firm." *Id.* at 29. They also "contributed a portion of the revenue received to a central account to cover shared expenses, including rent, insurance, utilities, and other fixed costs, all without a formal written partnership agreement among them." *Id.* Welch and the 76 other individual attorneys met regularly to discuss the MGP's "business strategy,

engagements, cases, management, administration, billing, and financial matters" and "jointly decided on new and existing client engagements, work allocation, and revenue and profit division." *Id.*

Messner Reeves LLP "employed and profited from" the actions of the individuals who were part of the MGP, and Plaintiffs allege it is vicariously liable for all their obligations. *Id.* at 30. Plaintiffs also allege that each of the individuals in the MGP are jointly and severally liable for all obligations incurred by any other member of the MGP, particularly Welch. Plaintiffs allege that the MGP is the RICO enterprise at the heart of the RICO claims.

The district court took up motions to dismiss filed by Defendants. It focused on whether Plaintiffs plausibly alleged the existence of the MGP, which was essential to Plaintiffs' RICO claims and to the claims against the 76 individual attorneys. The district court found the allegations about Welch and the 76 individual attorneys using the term "partner" and sharing and pooling resources reflected innocent conduct applicable to all attorneys employed by a law firm. Because these allegations did not plausibly allege the existence of the MGP, the district court dismissed the 76 individual attorneys, dismissed the RICO claims against the remaining parties, and declined to exercise supplemental jurisdiction over the state-law claims. Plaintiffs appealed.

## II.

### A.    Plaintiffs did not plausibly allege the existence of the MGP.

An appellate court reviews de novo a decision to dismiss a complaint for failure to state a claim. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). It applies the same standard as the district court. *Id.* A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if there is sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation and citation omitted). A court must accept as true all well-pleaded allegations in the complaint, but it does not accept legal conclusions or conclusory statements. *Id.* at 678-79.

Plaintiffs assert two RICO claims and several state-law claims. The elements of a RICO claim are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "RICO broadly defines enterprise as any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals

associated in fact although not a legal entity." *Llacua v. W. Range Ass'n*, 930 F.3d
1161, 1182 (10th Cir. 2019) (quoting *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865,
882 (10th Cir. 2017)).[1]

Plaintiffs raise several issues on appeal. Most go to the primary issue in this
case: whether Plaintiffs plausibly alleged the existence of the MGP. The existence of
the MGP is essential to Plaintiffs' RICO claims because the MGP is the alleged
RICO enterprise. The existence of the MGP is also essential to the claims against the
76 individual attorneys because Plaintiffs allege they are vicariously liable for the
loan scam based on their association with Welch in the MGP.

### 1.    The existence of a partnership depends on the facts.

Under Colorado law, "the association of two or more persons to carry on as
co-owners a business for profit forms a partnership, whether or not the persons intend
to form a partnership." Colo. Rev. Stat. § 7-64-202(1). Co-ownership of property
does not necessarily establish a partnership, nor does the "sharing of gross returns."
*Id.* at § 7-64-202(3). "A person who receives a share of the profits of a business is
presumed to be a partner in the business, unless the profits were received in payment
. . . of wages or other compensation to an employee." *Id.*

---

[1] The district court declined to exercise supplemental jurisdiction over the
state-law claims. Plaintiffs do not challenge the district court's decision to decline
supplemental jurisdiction. Regardless, the district court was within its discretion to
decline supplemental jurisdiction over the state-law claims after dismissing the
federal claims. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138-39 (10th Cir.
2004); *see also* 28 U.S.C. § 1367(c)(3).

Formalities are not dispositive, and the existence of a partnership can be inferred based on the conduct of the parties. *Yoder v. Hooper*, 695 P.2d 1182, 1187 (Colo. App. 1984). "The person asserting the partnership has the burden of proving its existence." *Reid v. Pyle*, 51 P.3d 1064, 1066-67 (Colo. App. 2002). Its existence is a question of fact. *Id.*[2]

Plaintiffs <u>do not</u> rely on the existence of Messner Reeves LLP—an actual, formalized limited liability partnership—for the RICO claims. Rather, Plaintiffs say Defendants formed the MGP, "which operated concurrently and distinctly alongside Messner Reeves [LLP]." App. Vol. I, at 29-30. There was no formal written partnership agreement establishing the MGP. But Plaintiffs point to conduct by Welch and the 76 individual attorneys to show the existence of the MGP:

- the individuals referred to themselves as "partners" and held themselves out with that title;

- they "shared office space, operated within organized practice groups, pooled resources for administrative support, collectively used electronic file systems, and divided responsibilities among themselves for marketing, client matters, case management, and carrying on the functions of a law firm;"

- they contributed revenue "to a central account to cover shared expenses;"

---

[2] Plaintiffs argue on appeal that the existence of a partnership is a question of fact that could not be resolved on the pleadings. This misunderstands the function of Rule 12(b)(6). Plaintiffs were required to plead sufficient facts in the complaint to make the existence of the MGP plausible. Plaintiffs did not, and the district court did not err in concluding as much for the reasons we explain. Nor did the district court err in not considering Plaintiffs' extrinsic evidence.

- they "jointly decided on new and existing client engagements, work allocation, and revenue and profit division;" and

- they met regularly to discuss "business strategy, engagements, cases, management, administration, billing, and financial matters."

*Id.* at 29.

The question here is whether these allegations plausibly support the existence of the MGP. We conclude they do not.

### 2. Use of the term "partner" is not dispositive in this case.

Plaintiffs rely heavily on the allegation that the individual attorneys referred to themselves as "partners" when they are not, in fact, technically partners in Messner Reeves LLP. The actual partners of Messner Reeves LLP are eleven professional corporations that are not parties. But the common-sense reality is that the use of the term "partner" in a law firm is a job title as much as it is a description of the business relationship. *See Iqbal*, 556 U.S. at 679 (stating that determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The fact that the individuals called themselves partners does not support the logical leap that the individuals formed the MGP, versus simply describing their job title in Messner Reeves LLP. Indeed, Plaintiffs' own briefing states that the individuals held themselves out as partners in <u>Messner Reeves LLP</u>, not the MGP.[3]

---

[3] Plaintiffs argue broadly that the district court improperly relied on extrinsic evidence. Plaintiffs fail to cite where much of this occurred. The district court did

### 3.    Plaintiffs did not plausibly allege profit-sharing.

Nor is it sufficient that Plaintiffs alleged the individuals pooled resources and contributed a portion of revenue to cover shared expenses. Working together in a common venture is not enough to form a partnership, even if the common venture is profitable to all. *Colo. Performance Corp. v. Mariposa Assocs.*, 754 P.2d 401, 405 (Colo. App. 1987) ("[A]lthough two or more parties may associate together in a venture, each anticipating an individual profit to himself, no partnership is thereby created because the chief characteristic of a joint adventure is a <u>joint</u> and not a <u>several</u> profit." (internal quotation and citation omitted)). Rather, the key feature of a partnership is profit sharing. *Id.* Pooling resources and sharing expenses is not the same thing as sharing profits. Nor is it inconsistent with the normal operation of a law firm.

At most, the complaint contains one reference to "revenue-sharing." Colorado law creates a presumption that a person who shares the profits of a business is a partner. But that presumption does not apply where the sharing of profits is compensation as wages. *See* Colo. Rev. Stat. § 7-64-202(3)(c)(II). Here, Plaintiffs have alleged that the individuals were all employed by Messner Reeves LLP. Although this does not preclude the existence of the MGP, it cuts against the

---

cite to a Reuters article about the rise of non-equity partners in law firms. This was not improper. The district court cited the article to reflect that non-equity or income partners are increasingly common in law firms. App. Vol. VIII, at 25. But it didn't rely on the article to dictate the outcome of the motions to dismiss. It only cited it to reflect something that is within public knowledge. *See Est. of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016).

presumption that the individual attorneys were sharing profits as partners in the MGP.

### 4.      Alternative theories of enterprise are not prevailing.

Plaintiffs also argue the district court failed to consider other theories of liability, including partnership by estoppel and association-in-fact. This is not supported by the record. Regarding the former, the district court did consider partnership by estoppel. It discussed *Levy v. Levitt*, 3 F. App'x 944 (10th Cir. 2001), where the defendant was estopped from denying the existence of a partnership when he had held himself out as a partner in that same partnership. The district court found *Levy* rightly distinguishable because none of the individuals in this case ever held themselves out as partners in the MGP; instead, they only held themselves out as partners in Messner Reeves LLP. Regarding association-in-fact, Plaintiffs specifically disclaimed that theory to the district court and did not pursue it. *See* App. Vol. III, at 21 n.8.

### 5.      Plaintiffs have not distinguished the MGP from Messner Reeves LLP.

In sum, Plaintiffs seek extraordinary relief and remedies under RICO. *See Dempsey v. Sanders*, 132 F. Supp. 2d 222, 226 (S.D.N.Y. 2001); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 500 (1985) (recognizing "that, in its private civil version, RICO is evolving into something quite different from the original conception of its enactors"). RICO requires an enterprise, the existence of which Plaintiffs were required to plausibly allege.

Ultimately, Plaintiffs allege that Welch and the 76 other individual attorneys are employed by the law firm of Messner Reeves LLP, and carry on the work typically done by those with the job title of partner in a law firm. What's missing are any facts that would support the allegation that those individuals are <u>also</u> carrying on the business of an entirely separate but parallel, non-formalized general partnership, the MGP. In other words, Plaintiffs have pleaded facts that the individual attorneys are carrying on a business together and operating a law firm. But Plaintiffs have not pleaded facts supporting a reasonable inference that they are doing so as anything other than Messner Reeves LLP.

Certainly, the facts Plaintiffs allege do not foreclose the <u>possibility</u> that the MGP existed. But these facts do not <u>plausibly</u> allege that it does. And it is not enough to plead facts that are merely consistent with liability. *See Iqbal*, 556 U.S. at 678. There must be something more. And the need for something more is particularly evident here. Messner Reeves LLP limits the liability of its members, and Plaintiffs seek to hold the 76 individual attorneys liable based solely on their association with Welch and not for their own conduct. To allow Plaintiffs to do so by simply ignoring the reality of Messner Reeves LLP in favor of the fiction of the MGP would allow Plaintiffs to skirt the entire purpose of an LLP.

Something more was needed to push the alleged existence of the MGP across the line of plausibility. But there are no facts that permit this logical leap. Thus, we conclude that although the existence of the MGP could be possible on these facts, its existence is not plausible. *See id*.

13

**B.    This court lacks jurisdiction over Plaintiffs' appeal of the denial of the preliminary-injunction motion.**

Plaintiffs appeal the denial of the preliminary-injunction motion because it was not adjudicated before dismissal. Appellate courts have jurisdiction over interlocutory orders on preliminary injunctions under 28 U.S.C. § 1292(a)(1). But the district court docket does not reflect any ruling on Plaintiffs' preliminary-injunction motion. It appears the motion was terminated when the district court closed the case after dismissing all claims.

Dismissal of the case mooted any appeal of the preliminary-injunction motion. *See U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988); *see also Capriole v. Uber Techs., Inc.*, 991 F.3d 339, 343 (1st Cir. 2021) ("It has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment."). Thus, we lack jurisdiction over this part of Plaintiffs' appeal.

### III.

The district court did not err in finding Plaintiffs failed to plausibly allege the existence of the MGP. This court lacks jurisdiction over Plaintiffs' appeal of the preliminary-injunction motion.

14

Accordingly, we AFFIRM the district court's dismissal of the case and

DISMISS Plaintiffs' appeal of the denial of the preliminary-injunction motion.


Entered for the Court


Holly L. Teeter
U.S. District Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                Jane K. Castro
Clerk of Court                                                  Chief Deputy Clerk

April 13, 2026

Kenneth Chase
Chase Law & Associates
951 Yamato Road, Suite 280
Boca Raton, FL 33431

**RE:    25-4062, Kosher Eats, et al v. Welch, et al**
Dist/Ag docket: 2:24-CV-00520-DBB

Dear Counsel:

Attached is a copy of the order and judgment issued today in this matter. The court has
entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(d)(1), any petition for rehearing must be filed within
14 days after entry of judgment. Please note, however, that if the appeal is a civil case in
which the United States or its officer or agency is a party, any petition for rehearing must
be filed within 45 days after entry of judgment. Parties should consult both the Federal
Rules and local rules of this court with regard to applicable standards and requirements.
In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length,
and no answer is permitted unless the court enters an order requiring a response. *See* Fed.
R. App. P. Rule 40 and 10th Cir. R. 40 for further information governing petitions for
rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Keith A Call
       David J. Jordan
       Charles Dennis Morris
       Troy R. Rackham

CMW/at