EXHIBIT
N

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Kosher Eats LLC vs. Messner Reeves LLP

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2025-01490036-CU-BT-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), dated , was transmitted electronically by an Orange County Superior Court email server on January 26, 2026, at 7:51:42 AM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

CHASE LAW & ASSOCIATES, P.A.
KCHASE@CHASELAW.COM

GORDON REES SCULLY MANSUKHANI, LLP
EDEITZ@GRSM.COM

GORDON REES SCULLY MANSUKHANI, LLP
HBROWN@GRSM.COM

ROSING POTT & STROHBEHN IN PARTNERSHIP
WITH ZELMS ERLICH LENKOV
ACHAMBERS@ROSINGLAW.COM

Clerk of the Court, by: _____ , Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**V3 1013a (June 2004)**                                                  Code of Civ. Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 01/26/2026            TIME: 07:46:00 AM        DEPT:  CX101

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: G. Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: . None

CASE NO: **30-2025-01490036-CU-BT-CXC**   CASE INIT.DATE: 06/13/2025
CASE TITLE: **Kosher Eats LLC vs. Messner Reeves LLP**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 74759615
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 01/23/2026 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now confirms its tentative ruling. The Court's ruling is attached hereto and incorporated herein by reference.

Court orders clerk to give notice.

## KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036

Before the Court are two motions filed by defendant Messner Reeves LLP: a demurrer and a motion to dismiss on grounds of forum non conveniens. Messner's motion to dismiss on grounds of forum non conveniens is GRANTED. As a result of this ruling, the demurrer is moot as is the informal discovery conference.

## RULING ON MOTION TO DISMISS

### I.    Standard of Review

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (CCP § 410.30(a).) This statute codifies the common law doctrine of forum non conveniens.

"In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751.)

Ruling Page 1

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

"On a motion for forum non conveniens defendant, as the moving party, bears the burden of proof. The granting or denial of such a motion is within the trial court's discretion." (*Ibid.*)

## II.     Step One: Suitable Alternative Forum

Messner argues Utah, where Plaintiffs have filed an overlapping federal action that remains pending before the United States Court of Appeals for the Tenth Circuit, is a suitable forum.

"The Judicial Council comment to section 410.30 declares in part, '[T]he action will not be dismissed unless a suitable alternative forum is available to the plaintiff [citations]. Because of ... [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state [citations].'" (*Stangvik*, *supra*, 54 Cal.3d at p. 752.)

As to the statute of limitations, Plaintiffs concede "[t]his element is satisfied." (Opp. at p. 5.)

As to jurisdiction, Messner concedes it is subject to personal jurisdiction in Utah because it has an office in Salt Lake City. (Mot. at p. 7.) Messner argues Chartraw and Owen (both California residents) and Clearwater (a Wyoming LLC) are also subject to personal jurisdiction in Utah. The Court agrees for two reasons. First, plaintiff MSC is alleged to be a Utah LLC. (FAC ¶ 23.) Chartraw, Owen, and Clearwater are thus alleged to have conspired to defraud a citizen of Utah. Under Tenth Circuit precedent, an out-of-state defendant is subject to personal jurisdiction in the forum state "when an out-of-state

Ruling Page 2

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

defendant's *intentional* conduct targets and has substantial harmful effects in the forum state." (*Old Republic Insurance Company v. Continental Motors, Inc.* (10th Cir. 2017) 877 F.3d 895, 907 (emphasis original).)

Second, Utah law recognizes the "conspiracy theory" of personal jurisdiction. "A conspiracy theory of specific personal jurisdiction 'imputes minimum contacts to all members of a conspiracy if one member took a substantial and overt act in furtherance of the conspiracy in the forum state.'" (*Nelson v. Phillips* (Utah 2024) 554 P.3d 1075, 1084.) Chartraw, Owen, and Clearwater are alleged to have conspired with Messner partner Torben Welch (a non-party) to defraud Plaintiffs. Welch is undisputedly a Utah resident. A Utah court therefore would have personal jurisdiction over Chartraw, Owen, and Clearwater.

Accordingly, the Court finds Utah is a suitable alternative forum.

### III.    Step Two: Private and Public Factors

#### A.    Private Factors

"The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) In addition, under *Stangvik*, the residence of the parties is a private factor to be considered. (*Id.*, at p. 754.)

##### 1.    Residence of Parties

Ruling Page 3

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

The plaintiff's choice of forum will rarely be disturbed unless the balance tips strongly toward the defendant. "But the reasons advanced of this frequently reiterated rule apply only to residents of the forum state." (*Ibid.*) "Where . . . the plaintiff resides in a foreign [jurisdiction], . . . the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state where the action is filed." (*Id.*, at p. 755.) None of the Plaintiffs is a resident of California. As a result, their choice to file suit in California is not a substantial factor in deciding whether California is the proper forum for their claims. (See *ibid.*)

As to the defendants' residence, Messner contends it is a Colorado LLP with its principal place of business in Colorado, not a California resident. This is incorrect. "[A] partnership is a citizen of every state of which its partners are citizens." (*Schnabel v. Lui* (9th Cir. 2002) 302 F.3d 1023, 1030 fn. 3.) It is undisputed that Messner has partners in its California offices. Perhaps they are "income partners" who have no ownership interest in the firm, but Messner bears the burden of proof. It has introduced no evidence to this effect. On the present record, Messner is a resident of California (and everywhere else its partners reside). For the remaining defendants, it is undisputed that Chartraw and Owen are alleged to be California residents, while Clearwater is alleged to be a Wyoming LLC whose principal place of business is in California.

While Plaintiffs' choice of forum is entitled to little weight, the California residence of Messner, Chartraw, Owen, and Clearwater is a factor supporting trial in California.

### 2.    Availability of Witnesses and Evidence

In terms of witnesses and evidence, the record reflects as follows.

Ruling Page 4

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

Chartraw, Owen and Clearwater, while not Utah residents, are subject to Utah's jurisdiction as parties. Therefore, they may be compelled to produce evidence in discovery by Utah courts. They may also be compelled to produce evidence in California courts, so this factor is a wash as to them.

Messner is a California resident, and as such may be compelled by California courts to produce evidence in discovery. But just because Messner itself is a California resident doesn't mean Messner's partners are. In particular, it appears undisputed that Torben Welch is a Utah resident. Because Welch is not party to this case, he is not subject to the subpoena power of California courts. (*See Roman v. Liberty University, Inc*. (2008) 162 Cal.App.4th 670, 684 [finding the private factors weigh in favor of finding California to be an inconvenient forum where "It is undisputed that most of the witnesses to the incident and the surrounding events reside in Virginia and are beyond the subpoena power of California courts."])

The lack of subpoena power is no small concern. Welch is mentioned by name over 100 times in the FAC, and the actions he allegedly took in Utah are central to Plaintiffs' claims against Messner. If he cannot be compelled to testify or give evidence, it likely will be difficult to try this case. On the other hand, Welch unquestionably may be compelled to produce evidence by a Utah court. The importance of Welch to the case favors finding Utah a more convenient forum.

Non-party INBE, another key participant in the alleged conspiracy (also mentioned over 100 times in the FAC), is alleged to be a Wyoming LLC whose principals are apparently located in Virginia and Florida. (FAC ¶¶ 67, 218.) It appears neither California nor Utah courts would be able to compel INBE or its principals to give evidence, so this factor is a wash as to them.

Plaintiffs argue critical documents relating to Chartraw's, Owen's, and Clearwater's bank accounts are located in California. Specifically, Chartraw's account is alleged to be at Citibank, Owen's at JPMorgan Chase, and Clearwater's

Ruling Page 5

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

at Bank of America. (FAC ¶¶ 16-17.) Citibank, JPMorgan Chase, and Bank of America are all major nationwide banks, not small California concerns. There appears to be no reason why they wouldn't be subject to the subpoena power of Utah courts (either to produce documents or to produce PMK witnesses), and Plaintiffs identify none. Furthermore, as Messner points out in reply, the allegations of the FAC are so detailed that it appears Plaintiffs already have the relevant bank records in their possession. This factor is a wash as to evidence from the banks.

Given the critical importance of Welch to the case, and given that he is beyond the subpoena power of California courts, the Court concludes that this factor favors a finding that Utah is the proper forum.

### B.    Public Factors

"The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

### 1.    Overburdened Courts

The Court finds this factor does not point to California being an inconvenient forum. Messner contends allowing this case to go forward would make California "a national clearinghouse for all litigation." (Mot. at p. 10.) Absent evidence that cases like this one are inundating California courts, this argument is speculative. For comparison, in *Stangvik*, there were at least 108, and perhaps up to 235, cases involving the same heart valve in California courts. (*Stangvik*, *supra*, 54 Cal.3d at p. 758.)

Ruling Page 6

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

### 2.    Burden on Jurors and Concern of the Local Community

Defendants are all California residents, and Messner specifically is a resident of Orange County. Nevertheless, the Court finds the burden on Orange County jurors and the concern of the Orange County community minimal when compared to Utah.

First, while Chartraw, Owen, and Clearwater are alleged to be residents of California, the FAC is silent on where in California they reside. The FAC includes numerous text messages referring to events in Los Angeles, which suggests they reside in Los Angeles, not Orange County. (FAC ¶¶ 311-312.) The Court does not see why Orange County residents should bear the burden of hearing claims involving out-of-county residents who could just as easily be sued in the county where they reside.

Second, while Messner is a resident of Orange County, the only Messner attorney alleged to have participated in the wrongdoing is Welch. Residents of Orange County certainly have a concern in seeing that local businesses follow the law, but there is no allegation that any Messner attorney (or other employee) in Orange County committed wrongdoing, nor that any out-of-state Messner employee came to Orange County to engage in wrongdoing. To the contrary, Messner's alleged wrongdoing (with the possible exception of Welch visiting the non-Messner defendants in Los Angeles) appears to have taken place in Utah (where Welch resides) and Nevada (where Welch allegedly made false representations to Las Vegas zoning authorities about an arena project).

Third, while money was allegedly transferred from Messner's trust account to the other defendants' California bank accounts, the case doesn't appear to center on the transfers themselves. The banks, for example, aren't accused of wrongdoing. Rather, it is the Defendants' actions leading to those transfers that are at the

Ruling Page 7

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

heart of the case. As alleged in the FAC, the lion's share of those actions (especially as to Messner) took place in Utah.

The Court finds this factor cuts in favor of finding Utah to be the proper forum.

### 3.      Balancing Interests of States

Plaintiffs contend California has a compelling regulatory interest in Messner's conduct. The Court disagrees. While Messner has over 40 attorneys in California, *none of them* is alleged to have done anything wrong in this case. Rule of Professional Conduct 1.15 imposes accounting requirements on attorney trust funds, but Plaintiffs never explain why Welch (who isn't alleged to have practiced law in California) would be subject to the California Rules of Professional Conduct. That other Messner attorneys are subject to RPC 1.15 is irrelevant, because they aren't alleged to have committed wrongdoing.

Plaintiffs also contend California has a strong policy interest in deterring fraud and protecting victims, citing their claims under Penal Code §§ 484 and 496 and Bus. & Prof. Code § 17200. This is true in a general sense, but the argument rings hollow in the specific circumstances here. No Plaintiff is a California resident who suffered injury in California, so California has no particular interest in protecting them. California has "little or no interest in litigation involving injuries incurred outside of California by nonresidents." (*Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 760.)

While all Defendants are California residents, this too obscures California's limited interest in the case. Chartraw, Owen, and Clearwater have failed to appear, and there is no indication they intend to. California's interest in regulating their conduct is adequately served by Plaintiffs taking their defaults and proceeding to judgment. This leaves Messner. Again, while California doubtless has a strong interest in deterring fraud and protecting victims, no California employee of

Ruling Page 8

**KOSHER EATS LLC v. MESSNER REEVES LLP  25-1490036**

Messner is at issue here. The state with the most obvious interest in deterring Messner's alleged fraud and protecting Messner's alleged victims is Utah, where Messner's alleged principal wrongdoer resides.

Finally, Messner argues there are conflict of law concerns that point to Utah having a greater interest in this case. However, Messner never identifies any specific conflict that might have to be resolved. Absent evidence of an actual conflict, the potential conflict of laws does not enter into the Court's analysis.

## IV.     **Conclusion**

For the foregoing reasons, and based upon the exercise of its discretion, the Court finds that in the interests of substantial justice, this dispute should be heard in the courts of Utah, not California. Accordingly, Messner's motion is granted.

## **RULING ON DEMURRER**

As set forth above, in light of the Court's ruling on the motion to dismiss, Messner's demurrer is moot.

Ruling Page 9