IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:  1:26-cv-01707-CNS-KAS

KOSHER EATS LLC,
EMERALD CONSULTING PARTNERS LLC,
ABBSON LLC,
MSC COMPANIES, LLC, and
HOMEPEOPLE CORPORATION,

Plaintiffs,

v.

MESSNER REEVES LLP,
DANIEL CHARTRAW,
TODD OWEN, and
CLEARWATER PREMIERE PERPETUAL MASTER LLC,

Defendants.

---

## MOTION TO STAY DISCOVERY

---

Defendant Messner Reeves LLP ("Messner") moves for an order staying discovery pending resolution of its Motion to Dismiss and Motion to Transfer Venue.

### Local Rule 7.1 Certification

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Messner conferred with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel stated he is "not aware of a good faith basis" for the Motion.

### A.    Introduction

Messner contemporaneously files two dispositive motions, the first asking to transfer this case to Utah where a related case is currently pending, and the second

asking the Court to dismiss the two federal claims and decline supplemental jurisdiction over the remaining state law claims.  A ruling in favor of Messner on either of these motions will terminate this case. Accordingly, Messner requests that the Court stay discovery in this case pending resolution of Messner's Motions.

**B.     Legal Standard**

Courts in this district often exercise their discretionary authority to stay discovery while a dispositive motion is pending, particularly where the motion raises threshold legal issues that may resolve the action. *Harbinger Cap. Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *1 (D. Colo. Mar. 10, 2015).[1]

Courts assess whether a stay is appropriate by weighing the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006): (1) the plaintiff's interest in proceeding expeditiously and the potential prejudice of delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of non-parties; and (5) the public interest. Courts also consider the likelihood that the dispositive motion will succeed. *Colo. Access*

---

[1] *See also Boodrookas v. Mollendor*, No. 25-CV-01509-PAB-KAS, 2025 WL 3166786, at *3 (D. Colo. Nov. 12, 2025) (Starnella, J.); *Markley v. U.S. Bank Nat'l Ass'n,* No. 1:23-cv-01422-PAB-SBP, 2023 WL 6878405, at *3 (D. Colo. Oct. 18, 2023) (granting stay pending ruling on motion to dismiss); *Tuck v. United States*, No. 1:21-cv-02889-NYW, 2022 WL 596277, at *2, *4 (D. Colo. Feb. 28, 2022) (granting stay pending resolution of motion to dismiss to conserve judicial resources, as plaintiff's case could be entirely resolved); *Harris v. United States,* No. 1:09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) (finding stay pending a decision on motion to dismiss that could fully resolve case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery"); *Bierer v. Metro. State Coll.*, Civil Action No. 1:09-cv-01034-WYD-KMT, 2009 WL 2242209, at *5 (D. Colo. July 24, 2009) (holding "stay of proceedings is appropriate" pending motion to dismiss); *i4 Grp. Consulting v. Scaled Agile, Inc.,* No. 1:20-cv-01855-DDD-NRN, 2020 WL 6565229, at *4 (D. Colo. Nov. 9, 2020) (staying discovery and vacating scheduling conference pending resolution of motion to dismiss).

*v. Atl. Specialty Ins.,* No. 21-CV-02913-NYW, 2022 WL 3716518, at *2 (D. Colo. Aug. 29, 2022) ("In determining whether a stay is appropriate, the Court weighs interests such as whether defendants are likely to prevail in the civil action…") (citing *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).

Messner acknowledges that "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay. *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017). Messner respectfully submits that it is likely to prevail on one or both of its Motions, which would moot the need for the parties to undertake and the Court to manage discovery. *See Liberty Mut. Fire Ins. Co. v. Qwest Corp.*, No. 24-CV-02626-NYW-KAS, 2025 WL 1294924, at *5 (D. Colo. May 2, 2025) (Starnella, J.) ("while the Court makes no comment on the ultimate merit of Defendant's arguments, the Court notes that they do not facially appear to be frivolous. Defendant would undoubtedly be prejudiced if it were forced to engage in discovery if its Motion to Dismiss were ultimately granted.").[2]

---

[2] As noted in *Young v. Colorado Dep't of Corr.*, No. 1:23-CV-01688-NYW-SBP, 2024 WL 4581162, at *4 (D. Colo. Oct. 25, 2024):

> Judges in this District are not of one mind as to the propriety of a "preliminary peek" at the merits of a case when deciding a motion to stay discovery. *Compare Est. of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) ("examining the merits ... on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss"), *with Love v. Grashorn*, No. 21-cv-02502-RM-NRN, 2022 WL 1642496, at *4 (D. Colo. May 24, 2022) ("The 'preliminary peek' factor has been used by this Court and numerous other courts in weighing whether to

**C.       Analysis**

Where, as here, a pending motion could result in dismissal of the entire action, the *String Cheese* factors favor a stay. A temporary pause on discovery avoids needless expense, conserves judicial resources, and promotes the orderly resolution of the case by allowing the Court to first determine whether discovery is necessary at all. *Benge v. Pounds*, No. 07-cv-01849-REB-MEH, 2008 WL 163038, at *1 (D. Colo. Jan. 14, 2008) ("[A] stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'") (citation omitted).

Application of the *String Cheese* factors supports this conclusion.

**1.       Plaintiffs' Prejudice by a Stay**

The first *String Cheese* factor—the plaintiff's interest in proceeding expeditiously and the potential prejudice caused by delay—weighs in favor of a stay because a temporary pause in discovery will not prejudice Plaintiffs. While every plaintiff has an interest in proceeding expeditiously, courts find that this factor weighs in favor of a stay where the stay is temporary. In *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007), the court found no undue prejudice where "this stay will not hinder Plaintiff's future ability to fully engage in discovery, in the event that the Motion to Dismiss is denied. … Moreover, the discovery requested by Plaintiff is not related to Defendant's dispositive motion and is, therefore, unnecessary for the resolution of that motion." *Id.* (citation omitted); *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (finding this factor weighed in favor of a stay where "Plaintiffs' ability to litigate their case is not likely

stay discovery.").

- 4 -

to be irreparably harmed by a stay" and due to "the temporary nature of the stay requested").

Likewise, here, Messner's Motions raise threshold legal issues——proper venue and whether the federal claims are barred by claim preclusion—that require no discovery to resolve and, if granted, will dispose of this action in its entirety.  If denied, Plaintiffs would be able to litigate their case and conduct discovery. A stay pending resolution of these motions therefore poses no meaningful risk of prejudice to Plaintiffs.

Further, the Court has not yet held a scheduling conference, no scheduling order has been entered, and no discovery has been served. Because the case remains at a very early stage, staying discovery will not impair Plaintiffs' ability to pursue discovery should it ultimately become necessary. *Namoko*, 2007 WL 1063564, at *2 (finding same).

Courts also consider whether the plaintiff proceeded expeditiously in filing the litigation. *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.,* No. 20-CV-01855-DDD-NRN, 2020 WL 6565229, at *2 (D. Colo. Nov. 9, 2020). As detailed in Messner's Motion to Dismiss, this is the sixth lawsuit in the fifth different court where one or all of the Plaintiffs have sued Messner Reeves based on the same set of facts and circumstances (the first dating back to February 2024). Many of the cases were voluntarily dismissed. If Plaintiffs wanted to proceed expeditiously, they could have continued with their prior lawsuits.

 Accordingly, because Plaintiffs will retain the full ability to conduct discovery if Messner's Motions are denied, discovery has not yet commenced, and Plaintiffs have not acted expeditiously, the first *String Cheese* factor supports staying discovery.

### 2.    Messner Faces Undue Burdens if the Case Is Not Stayed

The second *String Cheese* factor—the burden on the defendant—weighs in favor

of staying discovery. Absent a stay, Messner would be required to incur unnecessary expense responding to written discovery and preparing for and defending depositions, even though more than one pending dispositive motion presents threshold issues that may result in dismissal of the entire case.

While courts recognize that discovery obligations inherent in litigation "generally do not constitute an undue burden. … courts have found that discovery could pose an undue burden when a motion to dismiss might dispose of a case in its entirety." *Young v. Colorado Dep't of Corr.*, No. 1:23-CV-01688-NYW-SBP, 2024 WL 4581162, at *4 (D. Colo. Oct. 25, 2024) (citation omitted). As specifically relevant here, "[c]ourts in this District and within the Tenth Circuit have granted stays when a defendant raises defenses of issue and/or claim preclusion that would dispose of the action against the defendant in its entirety." *Markley*, 2023 WL 6878405, at *3 (D. Colo. Oct. 18, 2023) (citing cases).

If Messner is required to proceed with this case only to have the case dismissed, it will be burdened, having unnecessarily wasted time and money defending a futile action. Thus, the second factor weighs in favor of a stay.

### 3.  Judicial Economy Weighs in Favor of a Stay

The third *String Cheese* factor—the convenience of the Court and the interests of judicial economy—also favors a stay. Staying discovery while the Court resolves Messner's Motions will conserve judicial resources and ensure efficient case management. Courts recognize that judicial economy is best served by resolving threshold dispositive motions before the Court becomes involved in supervising discovery and managing a case that may not survive the early stages of litigation. Where dismissal of the entire action is at issue, addressing dispositive motions first allows the Court to

define "the precise contours of the action—and indeed whether Plaintiff's action survives dismissal at all … before proceeding through discovery." *Ruiz Dosa v. United States*, No. 21-cv-02562-CMA-NYW, 2022 WL 375575, at *2 (D. Colo. Feb. 8, 2022).

Absent a stay, the Court may have to expend time and resources overseeing discovery, resolving discovery disputes, and enforcing scheduling deadlines that could be rendered moot by a ruling on Motions.  As courts in this district have observed, resolving a motion to dismiss first provides greater certainty and assists both the Court and the parties in structuring discovery in a focused and efficient manner. *Tuck v. United States*, No. 21-CV-02889-NYW, 2022 WL 596277, at *5 (D. Colo. Feb. 28, 2022) ("All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes.") (internal citation and quotation omitted).

### 4.  There are No Non-Parties Under the Fourth Factor

The fourth *String Cheese* factor—the interests of non-parties in either staying or proceeding with discovery—is neutral. *String Cheese Incident*, 2006 WL 894955, at *2. There are no non-parties with any identified interest in this litigation, and proceeding with discovery at this stage would not advance any non-party concerns. *See 1 Priority Environmental Servs., LLC v. Int'l Turbine Servs., LLC*, No. 20-cv-03420-KMT, 2021 WL 778992, at *5 (D. Colo. Mar 1, 2021) (concluding that "[t]he fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case.").

### 5.  The Public Interest Favors a Stay

The fifth factor—the public interest—favors a stay. The public has a strong interest in seeing that judicial resources are not unnecessarily expended on futile litigation, which

only delays the prompt resolution of legitimate disputes on the Court's docket. *See Profitstreams LLC v. Ameranth, Inc.*, No. 1:11-cv-01710-RBJ-KLM, 2011 WL 5024912, at *3 (D. Colo. Oct. 21, 2011) (the public has "a general interest" in the "efficient and just resolution" of legal disputes, which is served by "[a]voiding wasteful efforts by the Court."); *1 Priority Environmental Services*, 2021 WL 778992, at *5 (finding that "[a]s to the fifth factor, the general public's primary interest in this case is an efficient and just resolution" and "[a]voiding wasteful efforts by the court and the litigants serves that purpose.").

**D.    Conclusion**

For the reasons set forth above, the *String Cheese* factors weigh in favor of granting a stay of discovery as to Messner pending a ruling on Messner's Motions. Messner requests the Court grant this motion to stay. If the Court is inclined to grant this Motion, Messner requests the Court to vacate the Scheduling Conference currently set for July 22, 2026.  Messner is filing a separate motion with this request.

Dated this 25th day of June, 2026.

GORDON REES SCULLY MANSUKHANI LLP

 /s/  John M. Palmeri
John M. Palmeri
Hannah Brown Goehring
Nicole Salamander Irby
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
hbrown@grsm.com
nsalamanderirby@grsm.com

Troy R. Rackham
Spencer Fane, LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203
(303) 839-3800
trackham@spencerfane.com

Keith A. Call
Spencer Fane, LLP
10 Exchange Place
Suite 1100
Salt Lake City, UT 84111
(801) 521-9000
keithcall@spencerfane.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 25th day of June, 2026.

Kenneth E. Chase
Chase Law & Associates, PA
951 Yamato Road, Ste. 280
Boca Raton, Florida 33431
kchase@chaselaw.com


       */s/    Linda J. Bustos*