IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:  1:26-cv-01707-CNS-KAS

KOSHER EATS LLC,
EMERALD CONSULTING PARTNERS LLC,
ABBSON LLC,
MSC COMPANIES, LLC and
HOMEPEOPLE CORPORATION,

Plaintiffs,

v.

MESSNER REEVES LLP,
DANIEL CHARTRAW,
TODD OWEN, and
CLEARWATER PREMIERE PERPETUAL MASTER LLC,

Defendants.

---

## MOTION TO STRIKE FINANCIAL INFORMATION IN BANK RECORDS

---

Defendant Messner Reeves LLP ("Messner"), through counsel, submits this Motion to Strike Financial Information in Bank Records. The financial information referenced by Plaintiffs and attached to the Complaint is immaterial and prejudicial. Messner asks the Court to order Plaintiffs to strike all references to non-party financial information in the Complaint and attached to the Complaint and file an Amended Complaint omitting non-party financial information.

**Conferral under Local Rule 7.1**: Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Messner conferred with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel stated he is "not aware of a good faith basis" for the Motion.

**A.    Introduction and Background**

From April to June 2023, Plaintiffs entered into Business Expansion Line of Credit ("BELOC") agreements with INBE Capital LLC, wherein INBE agreed to issue loans to Plaintiffs over time, and Plaintiffs agreed to deposit a portion of the loan upfront. (Compl. at ¶¶ 5, 360.)  Each Plaintiff deposited funds into Messner's COLTAF account.  (*Id.* ¶¶ 10, 360.)  Plaintiffs allege that INBE did not fund the loans and their funds have not been returned.  (*Id.* ¶¶ 6, 270.)

Plaintiffs attach Messner's trust account bank records to their Complaint and reference them throughout.  (Doc. 1 at pp. 138-150).  The bank records are not filed as a separate exhibit but are included in the same docket entry as the Complaint.  Because these bank records contain the private financial information of non-parties, Messner requests such information be stricken as immaterial and prejudicial.

**B.    Legal Standard**

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A request under Rule 12(f) by a party must be made before responding to the complaint.  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) should be granted where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  5C Fed. Prac. & Proc. Civ. § 1382 ((Wright & Miller 3d ed.) (April 2026 Update).  Allegations should be stricken as immaterial if "they have no possible bearing on the controversy."  *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citations omitted).  The party moving to

strike "must usually make a showing of prejudice."  *Id.* (citation omitted).

**C.  Analysis**

As noted above, Plaintiffs allege they deposited funds into the Messner COLTAF account and Messner, at the direction of its client, disbursed those funds.  Messner's COLTAF account was used by Messner for a variety of reasons.  Some of the transactions reflected in the statements have nothing to do with Plaintiffs' case and instead relate to Messner's other clients and transactions. For example, Plaintiffs contend in their Complaint that "Messner paid $500,000 of Plaintiffs' money to Harris Bank to satisfy either its own obligation or the obligation of someone else unrelated to Plaintiffs."  (Compl. ¶ 17.)  Plaintiffs admit that this information is "unrelated to Plaintiffs."  Harris Bank is an unrelated entity who received funds from the COLTAF account pursuant to other Messner client matters.  Harris Bank's financial details are immaterial.  It is prejudicial to a bank for its private financial information to be in public view simply because its funds were at one point held in a law firm's COLTAF account.

Moreover, many of the entities and persons identified in the bank records are non-parties.  All parties have significant privacy interests in their financial information that outweigh the public's interest in access to that information. *See Markley v. U.S. Bank Nat'l Ass'n*, No. 19-CV-01130-RM-NYW, 2021 WL 5067036, at *4 (D. Colo. Sept. 14, 2021) ("non-party clients of Defendant have a significant privacy interest in their wealth management accounts and choices that outweighs the public's interest in access to the same."); *Lee v. Avago Tech. U.S., Inc.*, No. 13-cv-03450-RM-KMT, 2015 WL 9810344, at *2 (D. Colo. July 8, 2015) (non-party privacy interests would be compromised by public dissemination).

The same interests apply here, where the bank records attached to the Complaint reveal the identities and financial information of numerous nonparties. The bank records concerning these nonparties is immaterial to the claims at issue.  The attachment of the bank records to the Complaint is unnecessary for the pleading of the claims.  It is indisputable that parties have a privacy interest in their financial details and would be prejudiced by disclosure.  Thus, the allegations in the Complaint regarding nonparties and nonparty information on the bank records attached to the Complaint should be stricken.  This includes any reference to Harris Bank, Delaware Valley Automation, excerpts from bank records on pp. 81-82 and pp. 108-112 of the Complaint, and the bank records at pp. 138-150.

**D.    Conclusion**

For these reasons, Messner asks the Court to grant this motion, strike the Complaint and attachment at Doc. 1, and direct Plaintiffs to file an Amended Complaint that omits the private financial information of nonparties.

Dated this 25th day of June, 2026.

**GORDON REES SCULLY MANSUKHANI LLP**

 */s/  John M. Palmeri*

John M. Palmeri
Hannah Brown Goehring
Nicole Salamander Irby
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
hbrown@grsm.com
nsalamanderirby@grsm.com

Troy R. Rackham
Spencer Fane, LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203
(303) 839-3800
trackham@spencerfane.com

Keith A. Call
Spencer Fane, LLP
10 Exchange Place
Suite 1100
Salt Lake City, UT 84111
(801) 521-9000
keithcall@spencerfane.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 25th day of June, 2026.

Kenneth E. Chase
Chase Law & Associates, PA
951 Yamato Road, Ste. 280
Boca Raton, Florida 33431
kchase@chaselaw.com

/s/   Linda J. Bustos